UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN AND NELSON PUBLISHING, RAUL ACOSTA d/b/a THIS NEW AGE PUBLISHING, DOSE ROCKS MUSIC and RICE BOY MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>SHOW PALACE. INC., and JUAN M. CORTES,<br><br>Defendants. | Case No.: 3:16-CV-02592-CAB (KSC)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF PLAINTIFFS**<br>**[Doc. No. 10]** |

Currently before the Court is Plaintiffs Juan and Nelson Publishing, Raul Acosta d/b/a This New Age Publishing, Dose Rocks Music, and Rice Boy Music's (collectively "Plaintiffs") motion for default judgment against Defendants Show Palace Inc. ("SPI") and Juan M. Cortes ("Cortes') (collectively "Defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. No. 10.] No responsive pleading was filed, but Mr. Cortes showed up in person at the undersigned's courtroom on May 25, 2017. For the reasons set forth below, Plaintiffs' motion is **GRANTED.**

Plaintiffs' requests for injunctive relief, statutory damages and attorneys' fees are also granted.

## I. BACKGROUND

On October 18, 2016, Plaintiffs filed a complaint seeking to enjoin Defendants from publicly performing the copyrighted musical compositions of members of the American Society of Composers, Authors, and Publishers ("ASCAP") at The New Show Palace. [Doc. No. 1.] Plaintiffs allege Defendants infringed on four copyrights for the musical compositions "El Baile De La Ducha" (certificate of registration number PA 922-758), "Cepillo" (certificate of registration number PA 934-615), "Abusadora" (certificate of registration number PA 885-307) and "Maria Se Fue" (certificate of registration number PA 885-307). [Doc. No. 1 ¶ 15, Schedule A at 7.]

During the relevant time period Defendant Show Palace, Inc. ("SPI") was a corporation organized under the laws of California, with a principal place of business located Oceanside, California. [Doc No. 1 ¶ 5.] SPI owned, controlled, managed, operated and maintained a place of business for public entertainment, accommodation, amusement, and refreshment, known as The New Show Palace located in Oceanside, California. [*Id.* ¶ 6.] SPI was properly served on December 22, 2016. [Doc. No. 4.]

Defendant Cortes is an individual who resides in this District, was a principal director and/or officer of SPI who was responsible for the control, management, operation and maintenance of the affairs of SPI. [*Id.* ¶¶ 8-10.] Cortes was properly served on December 22, 2016. [Doc. No. 5.]

On March 6, 2017, Plaintiffs requested entry of default and on March 7, 2017, the clerk entered default against Defendants. [Doc. Nos. 7, 8.] On April 14, 2017, the Court ordered Plaintiffs to show cause why this matter should not be dismissed for failure to move for default judgment. [Doc. No. 9.] Plaintiffs responded by filing their motion for default judgment. [Doc. No. 10.] Plaintiffs seek a permanent injunction prohibiting further unauthorized public performances by Defendant Cortes of any and all copyrighted musical compositions in the repertory of ASCAP, statutory damages totaling $90,000, and reasonable attorneys' fees and costs totaling $3,568.45. [*Id.* at 7.]

## II. DISCUSSION

### A. Legal Standards for Entry of Default Judgment.

In light of Defendants failure to respond to the Complaint, all of the allegations contained within it, aside from the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992).

It is within the Court's discretion to enter default judgment following entry of default by the clerk. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has identified seven factors for district courts to consider before entering default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

### B. Application of Default Judgment Factors Under *Eitel*

In this action, all factors weigh in favor of entering default judgment against Defendants.

#### 1. Possibility of prejudice to Plaintiffs

If denial of default judgment will likely leave Plaintiff without recourse for recovery, such potential prejudice to Plaintiff favors granting default. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Landstar Ranger, Inc. v. Parth Enters.,* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Here, Defendants have not appeared and have repeatedly refused to obtain an ASCAP license. [Doc. No. 1 ¶¶ 14, 15.] Plaintiffs

have no other means to obtain relief and Plaintiffs will likely suffer prejudice without the grant of default judgment.

### 2. Merits of Plaintiffs' substantive claim and sufficiency of the complaint

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." *Geddes*, 559 F.2d at 560. The court must examine the complaint to determine whether plaintiff adequately pled a claim for relief. *Danny v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). An adequately pled complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In order to establish a *prima facie* case for copyright infringement Plaintiffs "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Range Road Music, Inc., v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012) (quoting *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006)) (internal quotation marks omitted). Taking the allegations of the Complaint as true, Plaintiffs have shown that both elements have been met.

Here, the complaint alleges that Plaintiffs are all members of ASCAP, a membership association that represents, licenses, and protects the public performance rights of its more than 585,000 songwriter, composer, and music publisher members. [Doc. No. 1 ¶ 13.] It also alleges that Plaintiffs granted to ASCAP a non-exclusive right to license the performing rights of their copyrighted musical compositions. [*Id.* ¶ 14.] In turn, ASCAP collects the license fees associated with the public performances of its members' musical works and distributes royalties to its members. [*Id* ¶ 14.]

Additionally, Plaintiffs allege that they are the owners of the copyrights at issue and have complied in all respects with Title 17 of the United States Code and secured the exclusive rights and privileges of the musical compositions in question. [*Id.* ¶ 19-21, 26.]

The Schedule attached to the complaint provides information concerning the four compositions. [Doc. No. 1 at 7, Schedule A]. The Schedule states that Plaintiffs Juan and Nelson Publishing and Raul Acosta are the owners of "El Baile de la Ducha"; Plaintiffs Dose Rock Music and Rice Boy Music are the owners of "Cepillo"; and Plaintiff Raul Acosta is the owner of "Abusadora" and "Maria Se Fue." [*Id.*] The Schedule also lists each copyright registration number and date of registration. [*Id.*]

The complaint alleges that since May 3, 2016 (the date of the first known infringement) Defendants have presented public performances of the copyrighted musical compositions of ASCAP members at The New Show Palace without permission. [Doc. No. 1, ¶¶ 17, 18, 22, Schedule A at 7.] Further, Plaintiffs assert that at the times of these unauthorized public performances Defendants were knowingly and intentionally violating their rights. [*Id.* ¶ 24.]

Relatedly, the complaint contains general allegations that since June 2011, ASCAP representatives have made more than fifty attempts to contact Defendants to offer them an ASCAP license for The New Show Palace and that Defendants have refused the licensing offer. [*Id.* ¶ 15-16.] Plaintiffs have provided documentation in support of their allegations including a declaration from Walter Busse that he attended The New Show Palace on the evenings of March 4-6, 2016 and heard the musical compositions "El Baile de la Ducha," "Cepillo," "Abusadora," and "Maria Se Fue being performed. [Doc. No. 10-2.] A declaration, along with supporting exhibits, from R. Douglas Jones[1], attests to ASCAP's attempts to educate Defendants regarding their obligations under the Copyright Act and to offer an ASCAP license for The New Show Palace was also submitted to the Court. [Doc. No. 10-1.]

---

[1] Mr. Jones is a Manager, Business and Legal Affairs for the American Society of Composers, Authors and Publishers, responsible for supervision of ASCAP's efforts to license commercial establishments that furnish musical entertainment for their customers. [Doc. No. 10-1 ¶¶ 1, 5.]

In light of the above, the Court concludes that the allegations in the complaint sufficiently allege that Defendants violated the copyright laws of the United States. Accordingly, the Court concludes that Plaintiffs have adequately pled claims for relief and finds this favor weighs in favor of entering default judgment against Defendants.

### 3. The sum of money at stake

Courts "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1176 (C.D. Cal. 2002). Here, Plaintiffs are seeking statutory damages totaling $90,000, and reasonable attorneys' fees and costs totaling $3,568.45. As discussed in more detail below, Plaintiffs have limited the remedies they seek and the sum of money at stake is not large. Accordingly, this factor weighs in favor of entry of default.

### 4. The possibility of a dispute concerning material facts

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Televideo v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987); *Geddes*, 559 F.2d at 560. Since Plaintiffs have supported their factual allegations with ample evidence, and "defendant[s] ha[ve] made no attempt to challenge the accuracy of the allegations in the complaint," no factual dispute precludes entry of default judgment. *Landstar,* 725 F. Supp. 2d at 921-22 (C.D. Cal. 2010). Therefore, this factor weighs in favor of entry of default.

### 5. Whether the default was due to excusable neglect

Defendants were properly served with the summons and complaint. [Doc. Nos. 4, 5.] Therefore, the default is not due to excusable neglect. *See e.g.,, Craigslist, Inc. v. Kerbel,* No. 11-3309, 2012 WL 3166798 (N.D. Cal. Aug 2, 2012) (defendant's default was unlikely due to excusable neglect considering fact that "Plaintiffs served not only the summons and complaint but also the request for entry of default on Defendant but still received no response"). Accordingly, this factor ways favors default judgment.

//

6. The strong policy underlying the Federal Rules of Civil Procedure

"Defendant[s'] failure to answer Plaintiff[s'] Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 177. Here, Defendants have failed to file or answer or otherwise respond to the Complaint, but this does not preclude the Court from entering default judgment against them. *Id.*

In light of the above, the Court **GRANTS** Plaintiffs' motion for default judgment.

### C. Defendants are Jointly and Severally Liable

Plaintiffs assert that Defendants should be held jointly and severally liable, and vicariously liable, for their acts of infringement.

Under the Copyright Act, two or more infringers may be held liable "jointly and severally." 17 U.S.C. § 504(c)(1). "To impose vicarious liability on a defendant for copyright infringement, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a financial benefit from the direct infringement." *Range Road* 668 F.3d at 1155.

Here, the uncontroverted allegations of the Complaint and Declaration of R. Douglas Jones establish Defendants jointly had the right and ability to supervise and control the activities that took place at The New Show Palace and each Defendant derived a direct and financial benefit from the public performance of musical compositions at The New Show Palace. [Doc. No. 1 at ¶¶ 5-12; Doc. No. 10-1 at ¶¶ 8-16.] Accordingly, the Court finds that Defendants are jointly and severally liable for the infringement.

## III. REMEDIES

Plaintiffs ask that the default judgment include a permanent injunction, statutory damages and an award of attorneys' fees.

### A. Injunctive Relief

The Copyright Act gives courts the authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at

7
3:16-CV-02592-CAB (KSC)

law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Plaintiffs have established that all four factors have been met and that a permanent injunction is warranted. First, Plaintiffs have established that they have suffered an irreparable injury because Defendants publicly performed the copyrights musical compositions of ASCAP's members at The New Show Palace despite being warned of the need for a license and repeatedly refusing to get an ASCAP license. [Doc. No. 1 ¶¶ 13-17, Doc. No. 10-1 ¶¶ 13-20, Doc. No. 10-2 ¶¶ 5-9.] *See Apple Inc. v. Psystar Corp.,* 673 F. Supp. 2d 943, 948 (N.D. Cal. 2009) ("In run -of-the -mill copyright litigation . . . proof of such [irreparable] harm stemming from infringement – such as hard to business reputation and market share – should not be difficult to establish.")

Monetary damages are insufficient because, absent an injunction, Plaintiffs would be forced to bring repeated lawsuits against Defendants to recover from future infringements and expend an undue amount of time and resources in order to enforce their rights. Although The New Show Palace closed in August 2016, Cortes continues to operate other nightclubs that are unlicensed by ASCAP within this District. [Doc. No. 10-1 ¶¶ 21-22.] *See Apple, Inc.,* 673 F. Supp. 2d at 950 (money damages are insufficient where they would not prevent defendant from continuing to infringe on copyrights). The balance of hardships also weights in favor of issuance of an injunction because without one, Defendants may continue their infringement and Plaintiffs will be irreparably harmed, whereas if Defendants wish to perform Plaintiffs' musical compositions they can simply obtain a license from ASCAP to do so. Finally, the public interest is best served "when the legitimate rights of copyright holders are vindicated. *Id.*

Accordingly, the Court **GRANTS** Plaintiffs' request for injunctive relief.

//

8

3:16-CV-02592-CAB (KSC)

### B. Statutory Damages

Plaintiffs seeks $90,000 in statutory damages pursuant to 17 U.S.C. § 504(c). The statute provides that copyright owners may elect to recover an award of statutory damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

Where the infringement was committed willfully, "the court may increase the award of statutory damages to a sum of not more than $150,000." *Id*. § 504(c)(2). District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *See Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir. 1984). The general rule of thumb is that courts typically award three times the amount of a properly purchased license for each infringement. *See Broadcast Music, Inc. v. JMN Restaurant Mgmt. Corp.*, Case No. 14-cv-01190-JD, 2014 WL 5106421, at *3 (N.D. Cal. Oct. 10, 2014).

Here, Plaintiffs claim that The New Show Palace would have paid more than $50,000 in licensing fees if it had purchased a license from ASCAP to perform its members' copyrighted music between June 2011 and August 2016. [Doc. No. 10-1 ¶ 23.] The statutory award Plaintiffs seek, $90,000, or $22,500 per infringement, represents an amount that is slightly less than two times the amount of licensing fees that Defendants would have been required to pay had they obtained an ASCAP license and paid the associated fees. The Court concludes that $90,000 in statutory damages is reasonable.

### C. Attorneys' Fees

Plaintiffs seek attorneys' fees and costs in this action.

The Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . [T]he court may also award a reasonable attorney's fee to the prevailing part as part of the costs." 17 U.S.C. § 505. Factors considered by district courts include: "(1) the degree of success obtained;

9

(2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need in particular circumstances, to advance considerations of compensation and deterrence." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994)).

Here, Defendants repeatedly refused to obtain an ASCAP license and have failed to appear in this action. [Doc. No. 1 ¶¶ 15-18; Doc No. 10-1 ¶¶ 8, 13-15.] Moreover, Defendants "could have avoided liability by purchasing a valid license at any point" during June 2011 and August 2016. *Range Road*, 668 F.3d at 1155. Therefore, the Court concludes that considerations of compensation and deterrence support an award of attorneys' fees and costs.

So finding, the Court has review the declaration from Plaintiffs' counsel of record and the attorneys' invoices offered in support of their request. [Doc. No. 10-3.] Based on the supporting evidence and amount of work performed by Plaintiffs' counsel, the Court finds that fees of $3,168.45 and costs of $400 fees are reasonable.

## IV. DISPOSITION

Consistent with the foregoing discussion Plaintiffs' motion for default is **GRANTED**. In consideration of the fact that Mr. Cortes showed up in person at the undersigned's courtroom on the noticed hearing date, the Court will delay entry of judgment for thirty (30) days. Defendants have until **June 29, 2017**, to file an appropriate motion to set aside this order. If Defendants do not file an appropriate motion, it is hereby ORDERED that, on **June 30, 2017**:

1. The Clerk of the Court shall enter **JUDGMENT** in favor of Plaintiff and against Defendants, jointly and severally, for $90,000 in statutory damages for copyright infringement; and attorneys' fees of $3,168.45, and costs of $400; and

2. The Clerk shall enter an injunction restraining Juan M. Cortes and his respective agents, servants, employees, attorneys, and those persons or entities in active participation and concert with him, from publicly performing, or causing or

permitting to be publicly performed, in the business establishment known as El Gran Patron Nightclub, located at 2638 Main Street, Suites A-C, in Chula Vista, California, or in any other place owned, controlled, managed, or operated by Mr. Cortes, any copyrighted musical composition in the repertory of Plaintiffs' performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP"), without first obtaining proper authorization to do so.

**IT IS SO ORDERED**.

Dated: May 30, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge